# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| HARLD D. ISAAC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:16CV27 SNLJ |
| | ) | |
| UNKNOWN FLENOID, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on review of plaintiff's amended complaint. Plaintiff brings this suit under 42 U.S.C. § 1983 for unconstitutional conditions of confinement. Upon review, the Court finds that the complaint should be partially dismissed

### Standard of Review

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief under § 1983, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

## The Complaint

Plaintiff is incarcerated in the Southeast Correctional Center (SECC). Defendants are officials there. Plaintiff sues defendants in their individual capacities.

Plaintiff sues defendant Paula Reed, the Assistant Warden, under the theory of respondeat superior. He says she allowed her subordinates to find him guilty of mailing a threatening letter, for which he was confined in administrative segregation. He claims that a more thorough investigation into the matter would have shown he could not have been the person who mailed the letter.

Plaintiff alleges that defendant Dana Cockrell, who is a caseworker, retaliated against him for asking about the racial makeup of a housing unit by extending his placement in administrative segregation for ninety days.

Plaintiff asserts that defendant Timothy Holsten denied his request for an Informal Resolution Request (IRR), for a laundry bag, and for law library request forms. He says that, because he does not have a laundry bag, he has been forced to sleep on the same bedsheets for more than five months. He claims that Holsten acted in retaliation against him because he requested the IRR.

Plaintiff complains that defendant Unknown Davis, who is a caseworker, has refused to provided him with IRRs. He says she claims he did not file an IRR regarding the finding that he sent a threatening letter. He claims that, as a result, she "has added to [his] pain and suffering . . ."

Plaintiff claims that defendant Unknown Hannabrick, who is a functional unit manager, "allowed prison guards" to force him to "stand in ice cold showers." He says that occasionally prisoners were made to take a shower without being provided clean underwear. He asserts that

at one point he was made to go ten days without a shower.  He claims that prisoners must use the same towels to clean toilets as they do after showering, although he does not state that the towels were not washed in between the two uses.  And he says that Hannabrick "has failed to make sure that the phase program is equally fair as it relates to which inmates are being released and which ones are not . . ."

Plaintiff alleges that defendant Unknown Flenoid became irritated with him while she was searching his cell because he was "trying to see what items she was throwing out from [his] cell into a pile of trash."  He says that she ordered another officer to put him on the ground if he kept moving.  He does not allege that he was forced to the ground, however.

### Discussion

The Court will allow plaintiff's retaliation claims against defendants Cockrell and Holsten to proceed.  Therefore, the Clerk will order the Clerk to serve process on these defendants.

"Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights."  *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990); *see Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."); *Camberos v. Branstad*, 73 F.3d 174, 176 (8th Cir. 1995) ("a general responsibility for supervising the operations of a prison is insufficient to establish the personal involvement required to support liability.").  Plaintiff has not alleged any facts indicating that defendants Reed or Hannabrick were directly involved in any of the alleged violations of his rights.  As a result, the Court will dismiss these defendants.

Inmates do not have a constitutionally protected right to the prison grievance process. *See Flick v. Alba*, 932 F.2d 728, 729 (8th Cir.1991); *see also Burnside v. Moser*,138 Fed. Appx. 414 (3rd Cir. 2005). And, "a state grievance procedure does not confer any substantive constitutional right upon prison inmates." *Hoover v. Watson*, 886 F.Supp. 410, 418 (D. Del. 1995), *aff'd* 74 F.3d 1226 (3d Cir.1995). Therefore, plaintiff's claim that defendant Davis did not provide him IRR forms does not state a claim upon which relief can be granted.

Finally, plaintiff's claim against defendant Flenoid for instructing a guard to put him on the ground if he moved is frivolous. *See Burton v. Livingston*, 791 F.2d 97, 99 (8th Cir. 1986) ("mere words, without more, do not invade a federally protected right.").

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk is instructed to serve process on defendants Dana Cockrell and Timothy Holsten.

**IT IS FURTHER ORDERED** that defendants Paula Reed, Unknown Davis, Unknown Hannabrick, and Unknown Flenoid are **DISMISSED** without prejudice.

An Order of Partial Dismissal will be filed separately.

Dated this 6th day of May, 2016.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE