# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| HAROLD D. ISAAC, | ) |
| Plaintiff, | ) |
| v. | ) No. 1:16-CV-27 SNLJ |
| UNKNOWN FLENOID, et al., | ) |
| Defendant, | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on defendants' motion to dismiss for failure to state a claim upon which relief can be granted. The motion is granted in part and denied in part.

### Background

Plaintiff brings this action under 42 U.S.C. § 1983 against several officials at the Southeast Correctional Center (SECC). On review of the amended complaint under 28 U.S.C. § 1915(e), the Court dismissed all of plaintiff's claims except for his retaliation claims against Dana Cockrell and Timothy Holsten.

Plaintiff alleges that Cockrell, who is a caseworker, retaliated against him for asking about the racial composition of the restrictive housing unit by extending his placement in administrative segregation for ninety days. He believes that placement in restrictive housing is racially motivated. He says she falsified a classification hearing form, noting that his behavior was disruptive. *See* Doc. No. 11 at 4 (Classification Hearing Form dated December 29, 2015).

Plaintiff claims he sent Holsten a letter requesting an Informal Resolution Request (IRR) form, a laundry bag, and law library request forms. He alleges that the letter was returned to him stamped "denied." He says that, because he did not have a laundry bag, he was forced to sleep

on the same bedsheets for more than five months. He claims that Holsten acted in retaliation against him because he requested the IRR.

Finally, plaintiff alleges he attempted to use the grievance procedures to address these issues but that prison officials refused to provide him with the forms.

**Standard**

To state a claim under the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A pleading need not include "detailed factual allegations," but it is not sufficient to tender "naked assertion[s]" that are "devoid of further factual enhancement." *Id.* (internal quotation marks omitted). A complaint must do more than allege "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Id*.

**Discussion**

1. *Exhaustion*

Defendants argue that the complaint must be dismissed because, "[o]n its face [it] does not demonstrate that he exhausted the prison grievance procedure." They further argue that plaintiff's "allegation that Defendant Holsten failed to provide him with an IRR form is without merit." The argument is misplaced.

Under 42 U.S.C. § 1997e(a), a prisoner may not bring an action under § 1983 "until such administrative remedies as are available are exhausted." However, a prisoner is not required to plead and demonstrate exhaustion in the complaint. *See Jones. v. Bock*, 549 U.S. 199, 212

(2007). Exhaustion is an affirmative defense, and failure to exhaust must be proven by the defendants. *Id.* Therefore, defendants' argument fails.

Additionally, plaintiff says prison officials prevented him from filing the proper grievance forms. A prisoner must exhaust "available" remedies. A fact question exists whether the grievance process was unavailable to plaintiff because of the prison officials' actions. *See Ross v. Blake*, 136 S.Ct. 1850, 1860 (exhaustion is unavailable " when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation.").

Finally, defendants' argument regarding defendant Holsten's failure to provide plaintiff with an IRR requires findings of fact outside of the pleadings. Therefore, the Court will not dismiss the complaint on exhaustion grounds.

    2.    *Defendant Cockrell*

Defendants maintain that the classification hearing forms plaintiff submitted as exhibits demonstrate that it was his disruptive behavior that led to his extended period in the restrictive housing unit. They say, "There is no allegation or supporting documentation that Defendant Cockrell made the decision to keep Plaintiff in RHU in retaliation for him questioning the racial make-up of the unit." Defendants are incorrect.

Plaintiff plainly alleges that Cockrell placed him in restrictive housing because of his question regarding race. He says the unit is disproportionately African-American. He is not required to submit evidence in support of the allegation. However, he submitted the December 29, 2015, hearing form, which indicates Cockrell was a member of the committee and his placement in restrictive housing was continued. He claims that the findings of the committee are

false. When deciding a motion to dismiss, the Court is required to view the factual allegations in the light most favorable to plaintiff. Defendants ask the Court to do the opposite.

"A prima facie case of retaliatory discipline requires a showing that: (1) the prisoner exercised a constitutionally protected right; (2) prison officials disciplined the prisoner; and (3) exercising the right was the motivation for the discipline." *Meuir v. Greene County Jail Employees*, 487 F.3d 1115, 1119 (8th Cir. 2007).

Plaintiff alleges that Cockrell extended his restrictive housing time because he asked about the racial composition of the unit during his classification hearing. Defendants have not argued that plaintiff does not have a First Amendment right to assert the possibility of racial motivation in assigning inmates to restrictive housing in the context of a classification hearing before prison officials. Plaintiff's allegations demonstrate that he was disciplined and that his question was the motivation for the discipline. Consequently, the Court will not dismiss plaintiff's retaliation claims against Cockrell.

    3.    *Defendant Holsten*

Defendants argue that plaintiff's retaliation claim against Holsten fails because he is not the person responsible for giving inmates IRR forms. Defendants, however, have only addressed a portion of the claim.

Defendants state, "Plaintiff alleges that Defendant Holsten denied Plaintiff an IRR form, a laundry bag, and a law library request form in retaliation for Plaintiff's lawsuits and complaints." Defs.' Mem. in Supp. of Mot. to Dismiss at 8. However, defendants refer to plaintiff's exhibits that show he was directed to write to "Classification CCM/FUM" if he wanted to file a grievance, and they claim that Holsten is not an FUM, or Functional Unit Manager. They do not claim that Holsten is not a CCM, however. And they do not address

4

plaintiff's claim that he was forced to sleep on the same dirty bedsheets for five months or that he was denied access to the law library. For his part, plaintiff alleges that Holsten is his caseworker and is responsible for addressing his needs.

To state a First Amendment retaliation claim, plaintiff must show that he engaged in protected activity and that defendants, to retaliate for the protected activity, took adverse action against plaintiff that would chill a person of ordinary firmness from engaging in that activity. *See Revels v. Vincenz*, 382 F.3d 870, 876 (8th Cir. 2004), *cert. denied*, 546 U.S. 860 (2005).

The Court finds that being denied access to the grievance process, having to sleep on dirty bedsheets for an extended period of time, and being denied access to the law library could chill a prisoner of ordinary firmness from pursuing his First Amendment rights. As a result, the Court will not dismiss plaintiff's retaliation claim against Holsten.

4. *Due Process*

Defendants argue that plaintiff's due process claims do not state a plausible claim for relief. The Court agrees. Plaintiff's allegations regarding the denial of due process are merely "labels and conclusions," which are not entitled to an assumption of truth. *Iqbal*, 556 U.S. at 678.

Moreover, for the Due Process Clause to be implicated, an inmate subjected to segregation must have been subjected to "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472 (1995). Plaintiff's allegations do not indicate that he has suffered the type of atypical and significant hardship which might conceivably create a liberty interest. *Id.* at 485-86 (no atypical and significant hardship where inmate spent thirty days in solitary confinement); *Hemphill v. Delo*, 124 F.3d 208 (8th Cir. 1997) (unpublished) (same; four days locked in housing unit, thirty days in disciplinary segregation,

5

and approximately 290 days in administrative segregation). As a result, plaintiff's due process claims are dismissed.

5. *Access to the Courts*

Defendants argue that plaintiff's access to the courts allegations fail to state a claim upon which relief can be granted. The Court agrees.

"To state a claim [for denial of meaningful access to the courts], inmates must assert that they suffered an actual injury to pending or contemplated legal claims." *Myers v. Hundley*, 101 F.3d 542, 544 (8th Cir. 1996). Plaintiff only alleges that he was denied access to the law library at some point. He does not allege that he suffered a legal injury. As a result, this claim is dismissed.

6. *Conditions of Confinement*

Defendants argue that plaintiff's conditions of confinement claims must be dismissed because plaintiff only alleges that Holsten refused to give him a laundry bag. They maintain that the allegations fall short of showing that "Holsten was aware of an excessive risk to Plaintiff's health and safety and disregarded that risk."

To state a claim for unconstitutional conditions of confinement under the Eighth Amendment, an inmate must show that the alleged deprivations denied him the minimal civilized measure of life's necessities and that defendants were deliberately indifferent to excessive risk to his health or safety. *E.g., Seltzer-Bey v. Delo*, 66 F.3d 961, 964 (8th Cir. 1995) ("Eighth Amendment does not absolutely bar placing an inmate in a cell without clothes or bedding.").

Plaintiff alleges that Holsten denied his requests for a laundry bag in retaliation for having filed legal claims. The Court finds that a retaliatory motive is sufficient to state a claim

for deliberate indifference under Rule 8(a) of the Federal Rules of Civil Procedure. Therefore, the Court will not dismiss this claim.

      7.    *Qualified Immunity*

Defendants argue that they are entitled to qualified immunity because plaintiff's allegations fail to rise to the level of a constitutional violation. The argument fails because the Court has found that plaintiff's retaliation and conditions of confinement claims are plausible. Moreover, those rights are clearly established. Therefore, the Court finds that defendants are not entitled to qualified immunity at this stage of the case.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motion to dismiss [ECF No. 30] is **GRANTED** in part and **DENIED** in part. Plaintiff's due process and access to the courts claims are **DISMISSED**. In all other respects, the motion is **DENIED**.

Dated this 24th day of August, 2016.

                                                       STEPHEN N. LIMBAUGH, JR.
                                                       UNITED STATES DISTRICT JUDGE