UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| HAROLD D. ISAAC, JR., | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 1:16-cv-27 SNLJ ) |
| DANA COCKRELL and TIMOTHY HOLSTEN, | ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM AND ORDER

Before the Court are two motions by the plaintiff (#37 & #42). The Court will address both in turn, first addressing plaintiff's motion to appoint counsel (#42) and then plaintiff's motion for aid/directive for a laundry bag (#37).

**I.     Plaintiff's Motion to Appoint Counsel**

This matter is before the Court on plaintiff's letter received by the Court on October 20, 2016, which the Court will construe as plaintiff's second motion to appoint counsel (#42). Plaintiff states that he has made several attempts to hire an attorney but has been unsuccessful. Plaintiff has requested a "Jailhouse Lawyers' Manual" from an agency. Plaintiff asks the Court to provide him with legal counsel because the issues underlying his claim are complicated and he is purportedly unable to litigate the claim himself.

The appointment of counsel for an indigent *pro se* plaintiff lies within the discretion of the Court. Indigent civil litigants do not have a constitutional or statutory right to appointed counsel. *Stevens v. Redwing*, 146 F.3d. 538, 546 (8th Cir. 1998);

1

*Edgington v. Mo. Dept. of Corrections*, 52 F.3d. 777, 780 (8th Cir. 1995); *Rayes v. Johnson*, 969 F.2d. 700, 702 (8th Cir. 1992). The standard for appointment of counsel in a civil case involves the weighing of several factors which include the factual complexity of a matter, the complexity of legal issues, the existence of conflicting testimony, the ability of the indigent to investigate the facts, and the ability of the indigent to present his claim. *See McCall v. Benson*, 114 F.3d 754 (8th Cir. 1997); *Stevens*, 146 F.3d. at 546; *Edgington*, 52 F.3d. at 780; *Natchigall v. Class*, 48 F.3d. 1076, 1081-82 (8th Cir. 1995); *Johnson v. Williams*, 788 F.2d. 1319, 1322-1323 (8th Cir. 1986).

In this matter, the Court finds that appointment of counsel is not required at this time. The plaintiff has written many letters to the Court since he filed this action. The plaintiff continues to be able to litigate this matter, and nothing has occurred to indicate any need to appoint counsel at this point in time. This action appears to involve relatively straightforward questions of fact rather than complex questions of law, and plaintiff appears able to clearly present and investigate his claim.

The Court will continue to monitor the progress of this case, and if it appears to this Court that the need arises for counsel to be appointed, the Court will do so.

**II.     Plaintiff's Motion for Aid/Directive for Laundry Bag**

This matter is before the Court on plaintiff's letter, dated September 14, 2016, to the Court, which the Court will construe as a motion for aid or directive to supply the plaintiff with a laundry bag (#37). According to the defendants' response to plaintiff's motion, the plaintiff's order for a laundry bag was processed and the laundry bag was available for plaintiff to pick up on September 29, 2016 (#50). To date, plaintiff has not contested his ability to pick up the laundry bag. The Court finds this issue resolved.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for appointment of counsel (#42) is **DENIED** without prejudice at this time.

**IT IS HEREBY ORDERED** that plaintiff's motion for aid/directive for a laundry bag is **DENIED** at this time.

Dated this 2nd day of December, 2016.

                                            STEPHEN N. LIMBAUGH, JR.
                                            UNITED STATES DISTRICT JUDGE