UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| HAROLD D. ISAAC, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:16-cv-27 SNLJ |
| | ) |
| DANA COCKRELL and | ) |
| TIMOTHY HOLSTEN, | ) |
| | ) |
| Defendants. | ) |

# **MEMORANDUM AND ORDER**

This matter comes before the Court on plaintiff's motion to compel [#57]. Defendants responded and the time for plaintiff to reply has passed. For the following reasons, the motion will be denied.

Plaintiff requests an order from this Court compelling defendants to produce:

1. Plaintiff's handwritten letter to S.E.C.C. Chorizon nurse Molly dated 10-2-2016.

2. The "threatening kite" addressed by Defendant D. Cockrell in the recent interrogatories, currently held by the S.E.C.C. administrative body.

3. The specific date that Defendant D. Cockrell began employment at S.E.C.C. and the specific date that Defendant D. Cockrell was assigned to work at the Restrictive Housing Unit.

As a threshold matter, "any motion plaintiff files relating to discovery or disclosure, such as a motion to compel, must comply with Local Rule 3.04(A) and Federal Rule of Civil Procedure 37(a)(1)." *Hopkins v. Reed*, No. 1:13-cv-126 ACL, 2014 WL 3565653 at *2 (Mo. E.D. July 18, 2014). Local Rule 3.04(A), also referred to as the meet-and-confer

rule, states that the Court will not consider any motion relating to discovery or disclosure unless it contains a statement that the moving party has conferred in person or otherwise conferred with the opposing counsel, in good faith, but the parties were ultimately unable to resolve the discovery dispute. Plaintiff's motion is devoid of any such statement.

Plaintiff's incarceration does not negate the requirements of Local Rule 3.04(A) and he must still correspond with opposing counsel in respect to any discovery or disclosure dispute prior to filing a motion to compel. Then, plaintiff must describe the nature of that correspondence in accordance with Local Rule 3.04(A) and include that information within the statement.

Regarding the merits of the discovery requests, the defendants argue that each request within plaintiff's motion to compel is substantively different than what plaintiff requested from the defendants in their initial disclosures. In the initial requests, plaintiff requested: (1) complaints filed by other prisoners against the defendants, (2) the PREA report and conduct violation from an incident that did not involve either of the defendants, and (3) a copy of all "supplement exhibit documents." Local Rule 3.04(A) is especially important in view of the defendants' substantive objections to plaintiff's discovery requests within his motion to compel. Plaintiff's motion to compel [#57] is denied at this time.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to compel [#57] is **DENIED**.

So ordered this 17th day of January, 2017.

                                                                  _____
                                                                  STEPHEN N. LIMBAUGH, JR.
                                                                  UNITED STATES DISTRICT JUDGE