HAROLD D. ISAAC, JR.,                              )
                                                   )
                    Plaintiff,                     )
                                                   )
v.                                                 )          Case No. 1:16-cv-27 SNLJ
                                                   )
DANA COCKRELL and                                  )
TIMOTHY HOLSTEN,                                   )
                                                   )
                    Defendants.                    )

## MEMORANDUM AND ORDER

This matter comes before the Court on what this Court construes as plaintiff's

second motion to compel (#62).  Defendants did not respond and the time to do so has

passed.  For the following reasons, the motion will be denied.

Plaintiff requests an order from this Court compelling defendants to produce the

following documents to be used as evidence to support the plaintiff's claims:

1.  All classifications hearing forms since December 15, 2015 to the trial date.

2.  All P.R.E.A. documents and reports made by plaintiff in 2015 and 2016.

3.  All temporary administration segregation confinement forms from December

    15, 2015 to the trial date.

Plaintiff claims that the defendants "simply refuse to turn such forms over to me."

As a threshold matter, "any motion plaintiff files relating to discovery or

disclosure, such as a motion to compel, must comply with Local Rule 3.04(A) and

Federal Rule of Civil Procedure 37(a)(1)."  *Hopkins v. Reed*, No. 1:13-cv-126 ACL, 2014

WL 3565653 at \*2 (Mo. E.D. July 18, 2014).  Local Rule 3.04(A), also referred to as the meet-and-confer rule, states that the Court will not consider any motion relating to discovery or disclosure unless it contains a statement that the moving party has conferred in person or otherwise conferred with the opposing counsel, in good faith, but the parties were ultimately unable to resolve the discovery dispute.  Plaintiff's motion is devoid of any such statement.

Plaintiff's incarceration does not negate the requirements of Local Rule 3.04(A) and he must still correspond with opposing counsel in respect to any discovery or disclosure dispute prior to filing a motion to compel.  Then, plaintiff must describe the nature of that correspondence in accordance with Local Rule 3.04(A) and include that information within the statement.

Plaintiff has sent numerous letters to the Court.  Many of plaintiff's letters to this Court seek to add new facts or claims to his initial complaint.  Plaintiff must comply with the Federal Rules of Civil Procedure when amending his complaint.  Plaintiff may amend his pleading only (1) with the opposing party's written consent or (2) with the Court's leave.  *See* Federal Rule of Civil Procedure 15(a)(2).

Additionally, letters are not an appropriate means by which to seek relief from the Court.  Plaintiff must instead file a motion that states the relief sought by the Court and states the reasons for seeking the relief in accordance with Federal Rule of Civil Procedure 7(b).  Plaintiff is advised that the Court will not address plaintiff's letters if they do not comply with the Federal Rules of Civil Procedure.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to compel (#62) is **DENIED**.

So ordered this 9th day of March, 2017.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE