UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| HAROLD D. ISAAC, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:16-cv-27 SNLJ |
| | ) | |
| DANA COCKRELL and | ) | |
| TIMOTHY HOLSTEN, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on plaintiff's motions for sanctions (#80), to compel discovery (#81), and for court-appointed assistance to help plaintiff obtain a copy of the case file (#82). Defendants only responded to plaintiff's motion to compel discovery. The time for additional responses or replies has passed and the issues are ripe for disposition.

### I.     Motion For Sanctions

Plaintiff, proceeding *pro se*, moves the Court to issue sanctions against the defendants and their counsel for "the defendants' cumulative misrepresentations of particularized testimony, evidence, and events relevant to the factual allegations regarding the case." Plaintiff alleges that the exhibits attached to his motion show that the parties' statements and/or recollection of facts, or arguments relating to those facts, are inconsistent. For example, plaintiff contends that he was forced to sleep on dirty bedsheets for a total of eleven months. In alleged support for the instant motion, plaintiff

then cites half of a sentence from the defendants' motion for summary judgment that allegedly indicates that the defendants have misrepresented the facts (#67). In the full sentence, the defendants had re-stated plaintiff's allegations, stating: "[plaintiff] alleges that he did not have a laundry bag and, therefore, had to sleep on dirty sheets for weeks." Plaintiff cites only the amount of time within that sentence in the instant motion as one example of said misrepresentations and seeks the court to issue sanctions for those alleged misrepresentations.

Put simply, the plaintiff's allegations do not allege conduct arising to the level of impropriety required by Rule 11 of the Federal Rule of Civil Procedure in order to invoke sanctions. Rather, a discussion of factual issues is more appropriate in a motion for summary judgment, or in a response to a motion for summary judgment. Sanctions are not appropriate and plaintiff's motion (#80) is denied.

**II.     Motion to Compel**

Plaintiff moves the Court to find that defendant Holsten violated Missouri law by falsifying a form containing a statement made by plaintiff, to render the form containing the alleged falsified statement as a fake or altered reprint, and to order the defendants to disclose said form. Defendants contend, *inter alia*, that they have produced all of plaintiff's confinement records and grievances and that this form does not exist. A party may only produce what documents exist. Further, the Case Management Order for this case (#40) precludes plaintiff's motion to compel as all discovery was to be completed more than six months ago. Finally, to the extent that plaintiff attempts to plead a new cause of action, the same Case Management Order precludes the amendment of

plaintiff's complaint as all amendments of pleadings were due nearly nine months ago. Plaintiff's motion to compel (#81) is denied.

### III.    Motion for Assistance to Help Plaintiff Obtain a Copy of the Case File

Plaintiff contends that he does not have possession of the entire case file or record and moves the Court for assistance in obtaining the same so that plaintiff may adequately respond to defendants' motion for summary judgment. This motion is remarkably similar to plaintiff's previously filed motion for a copy of the case file (#77) that was denied by this Court in its Order entered on July 12, 2017 (#87). In that Order, the Court held that "because the case file is over 600 pages long, and because generally a plaintiff has a copy of the case file, plaintiff is invited to specifically request which documents he seeks so that the Court may mail him a limited number of documents. In the future, plaintiff is advised to make arrangements to retain copies for his own use." To date, it does not appear that the Court has received any such requests from plaintiff. Like that motion, this motion is also denied.

### IV.    Conclusion

Defendants moved for summary judgment on May 1, 2017. Plaintiff has been granted three extensions of time to file his response since that time (#71, #76, #86). Plaintiff is granted an additional two weeks from the entry of this Memorandum and Order to file his response to defendants' motion for summary judgment. Plaintiff will be granted no further extensions. All of plaintiff's motions (#80, #81, #82) are denied for the reasons stated above.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motions for sanctions (#80), to compel discovery (#81), and for court-appointed assistance to help plaintiff obtain a copy of the case file (#82) are **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff may file an additional motion seeking specific documents from the case file as described herein.

**IT IS FURTHER ORDERED** that plaintiff must respond to defendants' motion for summary judgment two weeks from the date of the entry of this Memorandum and Order.

So ordered this 1st day of August, 2017.

 

STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE