UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| HAROLD D. ISAAC, JR., | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) Case No. 1:16-CV-27-SNLJ |
| DANA COCKRELL and TIMOTHY HOLSTEN, | ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

Isaac, proceeding *pro se*, brings this lawsuit under 42 U.S.C. § 1983. Isaac alleges that defendant Cockrell (a Southeast Correctional Center case manager) violated Isaac's First Amendment rights by retaliating against Isaac after Isaac engaged in a protected activity. Defendant Cockrell moved for summary judgment (#67), and the Court granted the motion. *Isaac v. Cockrell*, No. 1:16-CV-27-SNLJ, 2018 WL 827961, at *3 (E.D. Mo. Feb. 12, 2018).

Isaac also alleges that defendant Holsten (another Southeast Correctional Center case manager) violated his right to substantive due process of law by denying three requests Isaac made in a "kite." In this "kite," Isaac asked for (1) an Informal Resolution Request ("IRR"), (2) a law library request form, and (3) a laundry bag. Defendant Holsten also moved for summary judgment (#67). This Court held that defendant Holsten did not violate Isaac's right to substantive due process of law by denying Isaac's requests for an IRR and a law library request form. *Isaac*, 2018 WL 827961, at *4. The

Court ordered the parties to submit supplemental briefing to address Isaac's claim that Holsten violated Isaac's right to substantive due process of law by denying Isaac's request for a laundry bag. *Id*.

Originally, Isaac's supplemental brief was due on March 26, 2018. This Court granted Isaac three extensions (#104, #110, #116), and his final due date was July 23, 2018, nearly four months after the initial deadline. Isaac missed the deadline, but the Court will still consider his untimely supplemental brief.

During the supplemental briefing period, Isaac also filed four new motions which the Court will consider at this time.

I. **Isaac's "Motion for Court to Grant New Filings Against Prior Defendant Ms. Paula Reed" (#111)**

The Court will treat this motion as a motion to add a new party. Paula Reed was the Deputy Warden at SECC when the events giving rise to this lawsuit occurred. Isaac initially sued Reed using a respondeat superior theory, but she was dismissed because she was not directly responsible for the deprivation of any rights (#21 at 3).

Later in the litigation, Isaac concocted a new theory against Reed. On November 24, 2015, Isaac was removed from the general prison population and taken to the restrictive housing unit for allegedly sending a threatening letter to Reed. He denies making these threats, and after obtaining the allegedly threatening letter through discovery in this case, Isaac now claims that Reed, herself, inserted the threats in his letter (#96). This Court previously rejected this theory:

> Isaac offers no other allegations whatsoever to explain this absurd and scandalous accusation, and it is wholly insufficient to support a cause of action. *See Ashcroft*

2

*v. Iqbal*, 556 U.S. 662, 678 (2009). That is, Isaac has failed to "nudge[ ] [his] claim[ ]" against Reed "across the line from conceivable to plausible." *Id.* at 680 (second alteration in original) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

*Isaac*, 2018 WL 827961, at *2.

Now, Isaac alleges Reed "filed false disciplinary charges against [Isaac] in retaliation for [Isaac's] filing of administrative grievance(s), . . . which [Reed] signed and reviewed on 11-24-15." (#111 at 1.) Isaac also alleges "a trick or scheme by computer or other electronic source was done to [Isaac's] I.R.R. . . . appearing to conceal the date of review, 11-24-15, the very day . . . Reed[] ordered [Isaac] locked up for sending [Reed] a threatening kite." (#111 at 1–2.) Finally, Isaac alleges "there [is] a clear alteration located above and over [Reed's] signature on [Isaac's] I.R.R. [that 'Reed] reviewed' the exact day [Reed] charged [Isaac] with making threats." (#111-1 at 1.) As the Court understands Isaac's theory, Reed wanted to get back at Isaac because Isaac filed an IRR. To do so, Reed inserted threats—against herself—in a letter that Isaac had written Reed. This was the hook Reed apparently needed to punish Isaac for filing the IRR.

This theory fares no better than the last one. That is, Isaac has again failed to "nudge[ ] [his] claim[ ]" against Reed "across the line from conceivable to plausible." *See Iqbal*, 556 U.S. at 680 (second alteration in original) (quoting *Twombly*, 550 U.S. at 570). Thus, his motion is denied.

**II.     Isaac's "Motion for Court to Order Potosi Prison Officials to Allow Plaintiff to 'Copy' Advanced Lexis Computer Directions" (#112)**

In this motion, Isaac asks the Court to order Potosi prison officials to allow Isaac to copy the directions that explain how to use Lexis Advance, a legal research tool. Defendant Holsten claims, "after [Isaac] made his request, [the librarian at Potosi Correctional Center] checked with her supervisor and told [Isaac] that he was allowed [to] copy the User Guide for the Lexis system at his own cost." (#114 at 1.) Isaac confirmed this. (#117 at 3.) Thus, this motion is denied.

### III. Isaac's Motion for Injunctive Relief (#120)

In this motion, Isaac claims "that he is being forced by Potosi prison officials to choose between main-line [lunch] and the law library" because recreation time overlaps with the time when his housing unit is served lunch. (#120 at 1.) Isaac says he will be satisfied if he is a given a sack lunch on the days when he attends the law library.

Defendant Holsten acknowledges that, if Isaac chooses to eat lunch in the dining room, Isaac shortens his recreation/library time to roughly five hours and forty minutes per week. Holsten also recognizes that the Missouri Department of Corrections policy "states that offenders are permitted six hours per week for a qualified legal claim ('QLC')." (#122 at 2.) Isaac had a QLC when he was housed in a different housing unit, and prison officials informed Isaac that he needed to repeat the process the get a QLC when he moved to his current housing unit.

As of June 27, 2018, Isaac had not repeated the process to get a QLC. After Isaac filed this motion, a prison official prepared a QLC request for Isaac. The QLC was approved for extra law library time so Isaac could meet his July 23, 2018 deadline. "The QLC will permit [Isaac] to receive his meal inside the [housing] unit on a tray when he

returns from the library so he can spend his full recreation time there." (#122 at 2.) On July 10, 2018, the librarian told Isaac "that he was approved for the QLC and that he had additional hours to use in the library until his court deadline." (#122 at 2.) "[Isaac] responded that he had not submitted a QLC and did not want the extra hours." (#122 at 2.)

As best this Court can tell, the prison officials granted Isaac's request for an accommodation. Isaac then refused the accommodation. Thus, this motion is denied.

### IV.    Motion to Forward Records upon Corizon's Delivery of Them (#125)

Finally, Isaac has filed a "Motion to Forward Records upon Corizon's Delivery of Them." (#125) This Court will treat the motion as one to supplement the record. The motion is granted, and this Court will consider the evidence when received in ruling on summary judgment.

Accordingly,

**IT IS HEREBY ORDERED** that Isaac's "Motion for Court to Grant New Filings Against Prior Defendant Ms. Paula Reed" (#111), "Motion for Court to Order Potosi Prison Officials to Allow Plaintiff to 'Copy' Advanced Lexis Computer Directions" (#112), and motion for injunctive relief (#120) are all **DENIED**.

**IT IS FURTHER ORDERED** that Isaac's Motion to Forward Records upon Delivery of Them (#125) is **GRANTED.**

**SO ORDERED** this 8th day of August, 2018.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE