UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| HAROLD D. ISAAC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:16-cv-00027-SNLJ |
| | ) |
| UNKNOWN FLENOID, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter comes before the Court on plaintiff's "notice to district court motion" (#150), "motion to submit exhibits on contentions of new 1983 filings against M.D.O.C" (#151), and "motion in request of preservation of evidence linked to the basis of plaintiff[']s recent motion." (#153). All three motions involve the some general issue: plaintiff's displeasure at "Potosi prison officials … open[ing] his legal mail." Plaintiff admits this is a new claim, against a different correctional facility than the one involved in his complaint, for which he has not exhausted his administrative remedies. Nonetheless, plaintiff asks this Court to waive the exhaustion requirement "because [plaintiff] certainly sees that what (sic) will be the response from Potosi prison officials … [which] will amount to self-serving lies[.]" This Court has previously noted plaintiff's attempt to "supplement" his complaint more than eighteen times, despite "many of these supplements hav[ing] nothing to do with the alleged conduct at issue in this lawsuit." (#101, p.1, n. 1).

1

Yet again, plaintiff seeks to inject new issues into this case. Importantly, however, this case is now on appeal before the Eighth Circuit Court of Appeals after all claims against the parties were resolved, *See Isaac. v. Flenoid, et al.*, No. 18-3190. That fact alone prompts this Court to refrain from entangling itself further with this case. *See Hunter v. Underwood*, 362 F.3d 468, 475 (8th Cir. 2004) (noting that a notice of appeal only "divests the district court of its control over those aspects of the case involved in the appeal," but broadly recognizing "a federal district court and a federal courts of appeals should not attempt to assert jurisdiction over a case simultaneously."). But, ultimately, plaintiff's motions plainly lack a legal basis and so will be summarily resolved. The three motions are, collectively, akin to a request seeking a post-judgment amendment to plaintiff's pleadings. "[M]otions seeking post-judgment leave to amend must satisfy the stringent standards governing the grant of Rule 59(e) and Rule 60(b) relief." *Peterson v. The Travelers Indemnity Co.*, 867 F.3d 992, 997 (8th Cir. 2017). Plaintiff is outside of the time limits of Rule 59(e) and has made no showing under Rule 60(b). For these reasons, his motions will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's "notice to district court motion" (#150), "motion to submit exhibits on contentions of new 1983 filings against M.D.O.C" (#151), and "motion in request of preservation of evidence linked to the basis of plaintiff[']s recent motion" (#153) are **DENIED**.

So ordered this 16th day of April 2019.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE